1 | **CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
**GARY G. GEUSS**, Chief Assistant City Attorney
2 | **CORY BRENTE**, Assistant City Attorney
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney - **SBN 192872**
3 | christian.bojorquez@lacity.org
200 North Main Street, 6th Floor, City Hall East
4 | Los Angeles, CA 90012
Phone No.: (213) 978-6900, Fax No.: (213) 978-8785
5 |
6 | *Attorneys for Defendant* CITY OF LOS ANGELES

FILED
CLERK, U.S. DISTRICT COURT

MAR - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | ZENAIDA SANTIAGO, IRINEO
MATEOS and ESTATE OF LEONEL
11 | MATEOS by and through heirs and
Successors in Interest ZENAIDA
12 | SANTIAGO, IRINEO MATEOS,

CASE NO.: CV11-02897 ODW (PJWx)

Assigned to: Honorable Otis D. Wright II
Assigned to: Magistrate Patrick J. Walsh

13

14 | Plaintiff,

PROTECTIVE ORDER RE OFFICER
INVOLVED SHOOTING
INVESTIGATION

15 | vs.

16

17 | CITY OF LOS ANGELES, DOE
OFFICERS 1 THROUGH 5, DOE
SUPERVISORS 6-10, INCLUSIVE,
18 | Defendants

19

20 | **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN**:

21 | PLEASE TAKE NOTICE THAT Defendant CITY OF LOS ANGELES, hereby

22 | lodges the following [Proposed] Stipulated Protective Order re Officer Involved

23 | Shooting Investigation.

24 | DATED: February 23, 2012

**CARMEN A. TRUTANICH**, City Attorney
25 | **GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE,** Supervising City Attorney
26

By: _____/S/_____
27 | **CHRISTIAN R. BOJORQUEZ**, Deputy City Atty
Attorneys for Defendant City of Los Angeles
28

-i-

1    **CARMEN A. TRUTANICH**, City Attorney - SBN 86629x
     **GARY G. GEUSS**, Chief Assistant City Attorney
2    **CORY BRENTE**, Assistant City Attorney
     **CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney - SBN 192872
3    christian.bojorquez@lacity.org
     200 North Main Street, 6th Floor, City Hall East
4    Los Angeles, CA  90012
     Phone No.: (213) 978-6900, Fax No.: (213) 978-8785
5

6    *Attorneys for Defendant s* CITY OF LOS ANGELES

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   ZENAIDA SANTIAGO, IRINEO          )   CASE NO.: CV11-02897 ODW (PJWx)
     MATEOS and ESTATE OF LEONEL       )
11   MATEOS by and through heirs and   )   Assigned to: Honorable Otis D. Wright II
     Successors in Interest ZENAIDA    )   Assigned to: Magistrate Patrick J. Walsh
12   SANTIAGO, IRINEO MATEOS,          )
                                       )   **DEFENDANT CITY OF LOS**
13                                     )   **ANGELES AND PLAINTIFFS**
                     Plaintiff,        )   **[Proposed]  STIPULATED**
14                                     )   **PROTECTIVE ORDER RE**
                                       )   **OFFICER INVOLVED SHOOTING**
15        vs.                          )   **INVESTIGATION**
                                       )
16                                     )
     CITY OF LOS ANGELES, DOE          )
17   OFFICERS 1 THROUGH 5, DOE         )
     SUPERVISORS 6-10, INCLUSIVE,      )
18                   Defendants        )

19

20

21

22         ***PROTECTIVE ORDER FORCE INVESTIGATION DIVISION REPORTS***

23        After the Plaintiffs ZENAIDA SANTIAGO, IRINEO MATEOS and ESTATE OF

24   LEONEL MATEOS by and through heirs and Successors in Interest ZENAIDA

25   SANTIAGO, IRINEO MATEOS, (hereinafter referred to as "Plaintiffs"), by and through

26   their attorneys of record, Moreno, Becerra & Casillas and Defendants CITY OF LOS

27   ANGELES, a local public entity (hereinafter referred to as "Defendants"), by and

28

1   through their attorneys of record, Carmen A. Trutanich, City Attorney, Cory M. Brente,

2   Supervising Assistant City Attorney and Christian R. Bojorquez conferred regarding the

3   Production of the Shooting Investigation in the above-entitled case, **IT IS HEREBY**

4   **STIPULATED AND AGREED** between the parties hereto, by their undersigned

5   counsel of record, that the following Protective Order, and its terms shall govern

6   documents and things in this matter:

7

8          For purposes of this Order, Confidential Materials include, but are not limited to:

9          1.      Force Investigation Division Investigation Report;

10         2.      Any and all documents, interviews, Officer Statements and/or writings

11   created during the Shooting Investigation, which include, but are not limited to, the

12   following:

13                 A.      Force Investigation Division Report

14                 ●       Interviews;

15                 ●       Officer Statements;

16                 ●       Legend w/diagram;

17                 ●       Pictures;

18                 ●       Investigative Narrative.

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27

28

## I. *GOOD CAUSE STATEMENT*

The Force Investigation Division (hereinafter "FID") of the Los Angeles Police Department conducts internal administrative investigations of categorical officer-involved uses of force. In this above-captioned matter an FID Investigation was conducted. As a result, the Parties have agreed to this Proposed Protective Order covering the Investigation and its contents. Defendants contend that a Protective Order is appropriate for the following Good Cause reasons:

a.    Once completed, an investigation report (hereafter "FID" report) is prepared. Such reports are reviewed by appropriate command officers in the Department and by the Board of Police Commissioners. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc.; should be modified. In sum, FID reports are an essential aid to providing critical self evaluation of Department officers and policies and to determine the most effective way to serve the citizens of Los Angeles.

b.    Information concerning an officers' use of force is contained within the officer's personnel record. This information is also kept confidential and is usually never disclosed.

c.    It has been held that peace officer personnel records are deemed confidential by California statute and Federal decisional law. Penal Code §832.7; *Sanchez v. Santa Ana Police Department*, 936 F. 2d 1027, 1033-34. FID reports are maintained as confidential reports and are considered part of the individual officers' personnel record. FID reports include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from FID administrative investigations can and has been used to initiate disciplinary action against officers and as

1   evidence in disciplinary proceedings where the use of force or tactics used were

2   considered to be contrary to Department policy.

3          d.     Unfettered release of FID reports have the potential for untold negative

4   results.  In terms of societal interests, it would inhibit the Department's ability to frankly

5   engage in critical self-analysis.  It is not unusual that statements made to FID officers are

6   against the self-interest of the witnesses interviewed, often even the penal interests of

7   those involved.  Public exposure of many FID reports could severely threaten the safety

8   and well-being of the individuals, their families and associates.  Many FID reports

9   include embarrassing facts.  At a minimum, disclosure of an entire FID report would

10   cause needless intrusion of privacy rights and have a negative effect on the Department's

11   effort to conduct these important investigations.  Indeed, for all of these reasons, persons

12   interviewed by FID investigators are advised that their statements are being taken for the

13   confidential use of the Department.  Additionally, police officers are not afforded the

14   same rights and privileges as other persons.  In any police investigation, a civilian has

15   the right to invoke his or her right against self-incrimination, under the Fifth Amendment

16   to the United States Constitution.  If that civilian does so, that invocation will be

17   honored, and no statement will be obtained from that person (and, therefore, there will be

18   no statement to disclose to the other parties to the action).  However, while police

19   officers are able to avail themselves of the privileges of the Fifth Amendment, they are

20   compelled to give a statement as part of the investigation.  The officers are told that if

21   they fail to cooperate in the investigation, they are subject to discipline, up to and

22   including discharge from office.  This procedure is authorized under California law, and

23   the statements so obtained cannot be used in any subsequent criminal proceeding.

24   However, it seems contrary to the principles of fundamental fairness to allow discovery

25   of those compelled statements to plaintiffs in civil cases.  These are statements which the

26   officers are, for all intents and purposes, forced to give and it seems completely unfair to

27   provide these compelled statements to civil litigants.

28

1        e.     FID administrative investigation process is distinct from the criminal

2  investigations which often arise from the same incident.  Relevant information obtained

3  in an FID administrative investigation, particularly, but not limited to administrative

4  interviews of potential or actual criminal defendants involved in an officer-involved use

5  of force, is not a part of and is not shared with detectives conducting the concurrent

6  criminal investigation.  This is done in order to avoid any intrusion into a defendant's

7  rights under the Fifth and Sixth Amendments to the United States Constitution.

8        f.     The materials and findings of FID investigations are maintained in protected

9  files in order to maintain their confidentiality.  They are not routinely shown to other city

10  departments.  Even then, information which is not clearly relevant to the rationale

11  governing the request is redacted to ensure the utmost regard for the privacy rights of the

12  mentioned within a given report.  The reports are not available to the general public

13  except by court order.  In all instances, the Department requests <u>in camera</u> hearing to

14  determine the relevance for releasing all or part of a given report, again to ensure the

15  constitutionally protected privacy rights of those named or otherwise identified within

16  the body of the report.

17        g.     In each case involving court-ordered disclosure of information from an FID

18  report sought in state or federal court, it is Department policy to seek a protective order

19  limiting use of the information to the case at trial and identifying those persons who may

20  properly be granted access to the information.  Absent a protective order, it becomes

21  unrealistic to conceive that the large numbers of attorneys, secretaries, law clerks,

22  paralegals and witnesses involved in many cases will be able to maintain proper

23  confidence of personal, private material absent an order which clearly delineates their

24  responsibilities.  The orders further request that said records be returned to the

25  Department after the case has terminated, either by final judgment or otherwise.  This

26  request serves to ensure that intrusion into the privacy and employment rights of those

27  involved is limited to the particular case in which the facts are relevant.

28

1    e.    Even with a carefully written protective order, the release of an entire FID

2    report, without prior judicial review to determine relevancy and assess privacy concerns,

3    ignores the constitutional protection given to individual privacy under the United States

4    and California constitutions and which a third-party such as the Department is obligated

5    to assert.  The issuance of an appropriate protective order makes certain that these

6    privacy concerns are not compromised beyond that degree necessary to the issues before

7    the court.  Accordingly, on behalf of the Los Angeles Police Department and those

8    persons identified within a given FID report, the Defendants respectfully request these

9    procedural protections in the instant case.

10

11

12    ## II.    TERMS OF THE PROTECTIVE ORDER

13    1.    Defendants and Plaintiffs have agreed that the below-listed documents shall

14    be designated confidential documents and/or writings because Defendants believe, in

15    good faith, that these documents and/or writings are privileged, confidential, private or

16    sensitive nature.  This will be accomplished by affixing to such document or writing a

17    legend, such as "Confidential," "Confidential Documents," "Confidential Material

18    Subject to Protective Order" or words of similar effect.  Documents and writings so

19    designated, and all information derived therefrom (hereinafter, collectively,

20    "Confidential Information"), shall be treated in accordance with the terms of this

21    stipulation/protective order.

22    For purposes of this Order, Confidential Materials include, but are not limited to:

23    1.    Force Investigation Division Report;

24    2.    Any and all documents, interviews, Officer Statements and/or writings

25    created during the Force Investigation, which include, but are not limited to, the

26    following:

27

28

A.    Force Investigation Division's Report

  ⚫    Interviews;

  ⚫    Officer Statements;

  ⚫    Legend w/diagram;

  ⚫    Pictures;

  ⚫    Investigative Narrative.

B.    The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect.  The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

2.    Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation .

3.    Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

  a.    Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

  b.    Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4.    Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(b), *with the exception of all Court Personnel,* counsel for the party that has received and seeks to use or disclose such Confidential Information

1   shall first provide any such person with a copy of this protective order, and shall cause

2   him or her to execute the following acknowledgment:

3

4          "I understand that I am being given access to Confidential Information

5          pursuant to the foregoing protective order.  I have read the

6          stipulation/protective order and agree to be bound by its terms with respect

7          to the handling, use and disclosure of such Confidential Information.

8          Dated: _____ /s/ _____"

9

10   Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment

11   upon Defendants.

12        5.   Upon the final termination of this litigation, including any appeal pertaining

13   thereto or in the event this case is remanded to State Court, all Force Investigation

14   Division materials that were designated as confidential, as well as any other Court

15   Ordered Documents provided pursuant to this Protective Order and all copies thereof,

16   shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor,

17   City Hall East, Los Angeles, California 90012.  All Confidential documentation provided

18   to any person or party, pursuant to any provision hereof, also shall be returned to the City

19   Attorney's Office.

20        6.   If any party who receives Confidential Information receives a subpoena or

21   other request seeking Confidential Information, he, she or it shall immediately give

22   written notice to counsel for defendants, identifying the Confidential Information sought

23   and the time in which production or other disclosure is required, and shall object to the

24   request or subpoena on the grounds of this stipulation/protective order so as to afford

25   defendants an opportunity to obtain an order barring production or other disclosure, or to

26   otherwise respond to the subpoena or other request for production or disclosure of

27   Confidential Material.  In no event should production or disclosure be made without

28

1   written approval by defendant's counsel unless required by Court Order arising from a

2   motion to compel production or disclosure of Confidential Information.

3       7.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other

4   written submissions to the Court in this litigation which contain, reflect, incorporate or

5   refer to Confidential Information shall first be accompanied by an application, pursuant

6   to Local Rule 79-5.1, to request that the papers, or the confidential portion thereof, be

7   lodged under seal.

8       8.      Counsel for the parties hereto agree to request that any motions,

9   applications or other pre-trial proceedings which could entail the discussion or disclosure

10  of Confidential Information be heard by the Court outside the presence of the jury,

11  unless the Court orders otherwise.  Counsel for the parties further agree that, during any

12  portion of the trial of this action which could entail the discussion or disclosure of

13  Confidential Information, that Defendants will have an opportunity to request that access

14  to the courtroom be limited to parties, their counsel and other designated representative,

15  experts or consultants who agreed to be bound by this stipulation/protective order, and

16  court personnel.

17      9.      Nothing herein shall prejudice any party's rights to object to the introduction

18  of any Confidential Information into evidence, on grounds including but not limited to

19  relevance and privilege.

20      10.     The fact that Plaintiffs have entered into this stipulation does not waive any

21  of Plaintiffs' rights to challenge the Defendants' designation of materials as confidential.

22  Nevertheless, Plaintiffs understand and acknowledge that material contained within the

23  Force Investigation, such as interviews, tape recordings and summaries are being

24  provided pursuant to this Protective Order and that they are to remain protected by this

25  Order.  In the event that there is some "good faith" disagreement as to whether certain

26  documents and/or information provided by Defendants that were labeled as

27  "confidential" should be treated as confidential, the parties agree to make informal

28

1  attempts to resolve such issues.  Nevertheless, if those informal attempts prove

2  unsuccessful, then Plaintiffs will have the ability to file the necessary motion so that the

3  Court can make the appropriate ruling. It should be noted however, that Plaintiffs

4  understand that any challenge they may have with respect to the materials contained

5  within the Force Investigation must be based upon impracticability and necessity.

6

7       *IT IS SO STIPULATED:*

8

9  Dated: February 23, 2012        **CARMEN A. TRUTANICH**, City Attorney

10

11                                 By

12  Attorney                        **CHRISTIAN R. BOJORQUEZ**, Deputy City

13                                  Attorneys for Defendants City of Los Angeles

14

15  Dated: February 20, 2012        **MORENO, BECERRA & CASILLAS**

16

17                                 By:

18                                  **ARNOLDO CASILLAS**, Esq.
                                    Attorneys for Plaintiffs

19

20       *As to the above-listed Terms of the Stipulated Protective Order, IT IS*

21  *SO ORDERED:*

22

23

24  Dated: 3/2/12

25                                  **HON. PATRICK J. WALSH**
                                    **United States Magistrate Judge**

26

27

28